**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1625**

———————

GEORGE HOLTZ,

                                        Plaintiff - Appellant,

        versus

JEFFERSON SMURFIT CORPORATION, d/b/a Stone
Container Corporation, d/b/a Smurfit-Stone
Container Corporation,

                                        Defendant - Appellee.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:04-cv-00827-WLO)

———————

Submitted:  May 16, 2007              Decided:  July 12, 2007

———————

Before TRAXLER and DUNCAN, Circuit Judges, and Frank D. WHITNEY,
United States District Judge for the Western District of North
Carolina, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua N. Levy, LEVY LAW OFFICES, Raleigh, North Carolina; W. Eric
Medlin, ROBERTSON & MEDLIN, P.L.L.C., Greensboro, North Carolina,
for Appellant.  Fred T. Hamlet, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Holtz ("Holtz") appeals from the district court's granting of summary judgment in favor of his former employer, Jefferson Smurfit Corporation ("Smurfit"), on Holtz's claims of violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq.; the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq.; and the public policy of North Carolina. We affirm.

We review de novo the district court's grant of summary judgment in favor of Smurfit. See LeBlanc v. Cahill, 153 F.3d 134, 148 (4th Cir. 1998). In so doing, we view the facts in the light most favorable to the nonmovant, here Holtz. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Smurfit is a manufacturer of paperboard and paper-based packaging, including, for example, tissue boxes. Beginning in 1995, Holtz worked as a manager in Smurfit's Greensboro, North Carolina plant. By mid-1999, Holtz became plant manager and as such was responsible for the overall performance of the plant. The record reflects that in late 2002, Holtz's job performance began to decline and that Smurfit began receiving complaints from its clients about quality issues, including one serious incident in 2003 in which at least 250,000 cartons of material had to be reprocessed at Smurfit's expense. In 2003, Holtz, then sixty-seven

2

years old, was removed as plant manager and placed in a different role as a process improvement technician. About six weeks later, Holtz was terminated.

In its memorandum opinion and order regarding Smurfit's motion for summary judgment, the district court addressed the evidence proffered by Holtz in support of his claims that Smurfit violated the ADEA and ERISA. See Holtz v. Jefferson Smurfit Corp., 408 F. Supp. 2d 193, 202-08 (M.D.N.C. 2006). This evidence consisted of several age-related comments made by the Greensboro plant's general manager and others to Holtz. Holtz also noted that younger workers were not fired, but Holtz was. The district court found that the age-related comments were "innocuous statements with no disparaging overtones," id. at 205, and that although younger workers were not fired, Holtz failed to show that the younger workers who were not fired "were similarly situated in all material respects to [him]," id. at 207.

In particular, the district court noted that the unfired workers were not all plant managers, nor did they have the series of performance deficiencies that Holtz did. "[T]he undisputed facts show nothing more than an employer making a business judgment to fire the head person, instead of lower managers, when a series of failings occurred." Id. Such exercise of business judgment does not violate the ADEA. See id.

Having reviewed the parties' submissions and the record in this case, we affirm for the reasons stated by the district court.  <u>See</u> <u>Holtz v. Jefferson Smurfit Corp.</u>, No. 1:04-CV-827 (M.D.N.C. Apr. 24, 2006) (order denying Holtz's motion to reconsider); <u>Holtz</u>, 408 F. Supp. 2d 193. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4